IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00339-PAB
Civil Case No. 22-cv-02592-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. COLT FRANCIS MALONE,

    Defendant.

___

**ORDER**
___

    This matter comes before the Court on Colt Francis Malone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket Nos. 77 and 78], filed on October 3, 2022. On November 22, 2022, the government filed a response opposing the motion. Docket No. 83. Mr. Malone did not file a reply.

    The Court construes Mr. Malone's filings liberally because he is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court denies the § 2255 motion.

I. **BACKGROUND**

A. <u>Factual Background</u>[1]

On June 18, 2019, while surveilling a hotel in Colorado Springs, Colorado known for criminal activity, law enforcement officers observed a car pull into the hotel's parking lot. *Malone*, 10 F.4th at 1122; *see also* Docket No. 42 at 6. The officers watched one of the car's occupants visit a room on the first floor and then return to the car. *Malone*, 10 F.4th at 1122. After the occupant returned to the car, the car left. *Id*. The officers notified Detective Adam Brewer of the Colorado Springs Police Department and Colorado Community Parole Officer Brook Hathaway, who spotted the car. *Id*. They observed the driver commit a traffic violation and then pulled the car over. *Id*.

Parole Officer Hathaway approached the passenger's side of the car and Detective Brewer went to the driver's side. *Id*. Responding to Detective Brewer's questions, the driver identified herself as Darlene Tucker and provided her driver's license. *Id*. Detective Brewer also asked Ms. Tucker for her car registration and proof of insurance. *Id*. However, Ms. Tucker could not immediately find those documents, so she started looking for them. *Id*. The passenger, Mr. Malone, also provided his identification and mentioned that he was on parole for burglarizing a pawn shop. *Id*.

Detective Brewer told Ms. Tucker to continue looking for her registration and proof of insurance and then he returned to the patrol car. *Id*. Detective Brewer learned from dispatch that Mr. Malone was a suspected gang member. *Id*. Detective Brewer decided to investigate further and joined Parole Officer Hathaway at the passenger side

---

[1] The following facts are taken from the Tenth Circuit's order in this case. *See United States v. Malone*, 10 F.4th 1120, 1122 (10th Cir. 2021); *see also* Docket No. 73-1.

2

of the car. *Id*. Parole Officer Hathaway asked Mr. Malone to step out of the car, and Mr. Malone complied. *Id*. at 1123. Detective Brewer then led Mr. Malone to the back of the car and started to pat him down. *Id*. After Mr. Malone left the car, Officer Hathaway saw a liquor bottle near Mr. Malone's seat. *Id*. As Officer Hathaway went to pick up the bottle, he saw a firearm magazine. *Id*. The officers subsequently searched the car and found a pistol under the passenger seat. *Id*. s

### B. Procedural History

On July 24, 2019, the grand jury returned an indictment against Mr. Malone, alleging one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Docket No. 1. On October 25, 2019, Mr. Malone, through counsel, moved to suppress all evidence obtained during the search, arguing that the officers violated his Fourth Amendment rights by prolonging the traffic stop. Docket No. 19 at 2-4. After holding two hearings on December 9 and December 12, 2019, the Court denied the motion to suppress. Docket Nos. 30, 33; *see also* Docket Nos. 69, 70 (hearing transcripts). The Court found that it was objectively reasonable for the officers to ask Mr. Malone to exit the vehicle for purposes of officer safety. Docket No. 70 at 23:12-17, 24:19-21. Furthermore, the Court found that the officers did not "prolong the traffic stop" by ordering Mr. Malone to exit the vehicle because

> Ms. Tucker hadn't yet provided her proof of insurance and hadn't provided the vehicle registration. As far as we can tell, she was either still looking for them or at least she could have been asked if she had any luck in finding those. That had not been accomplished by the time Mr. Malone was asked out of the vehicle. So because the officers had every right to at least ask her if she had found those documents and determine whether or not she actually had them, the traffic stop was not over. And the fact that Mr. Malone was asked out of the vehicle didn't prolong the traffic stop.

*Id*. at 25:6-20.

3

On February 27, 2020, Mr. Malone entered a plea of guilty as to Count 1 of the Indictment.  Docket No. 41.  Mr. Malone's plea agreement reserved the right to appeal the Court's denial of his motion to suppress.  Docket No. 42 at 1.  On May 15, 2020, the Court sentenced Mr. Malone to 70 months imprisonment, Docket No. 57 at 2, and entered final judgment.  Docket No. 58.  On May 18, 2020, Mr. Malone, through counsel, filed a notice of appeal.  Docket No. 60.

On August 30, 2021, the United States Court of Appeals for the Tenth Circuit affirmed the Court's judgment.  *Malone*, 10 F.4th at 1122.  The Tenth Circuit explained that a traffic stop is only reasonable under the Fourth Amendment if "it is justified from the start" and "the officers' actions are 'reasonably related in scope to the mission of the stop,'" namely, the investigation of the suspected traffic violation.  *Id*. at 1123. (quoting *United States v. Mayville*, 955 F.3d 825, 829 (10th Cir. 2020)).  "To fulfill this mission, officers may make ordinary inquiries related to the traffic stop (like questions about registration and insurance), determine whether to issue a ticket or warning, and address related safety concerns."  *Id*. (internal quotations and citation omitted).  However, "officers cannot take more time than necessary to address the traffic violation."  *Id*.  A stop becomes "unlawful" if the officers (1) "detour from the mission without reasonable suspicion" and (2) "'prolong' the stop."  *Id*. (quoting *Rodriguez v. United States*, 575 U.S. 348, 356 (2015)) (alterations omitted).  In this case, the Tenth Circuit found that, "[e]ven if the officers had detoured from the mission of the traffic stop [by ordering Mr. Malone to exit the vehicle], the district court had made a factual finding that the officers did not prolong the stop and Mr. Malone waived any challenge to that finding."  *Id*. at 1122.  Mr. Malone's opening brief stated that he did not challenge any of the Court's factual

findings. *Id*. at 1124. Because Mr. Malone waived his challenge to the Court's factual finding that the exit order did not prolong the stop, the Tenth Circuit affirmed the judgment. *Id*. at 1125 ("This factual finding established the reasonableness of the traffic stop even if the officers' actions had constituted a 'detour.'").

Mr. Malone did not file a petition for certiorari to the United States Supreme Court. On October 3, 2022, Mr. Malone filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket Nos. 77, 78.

II. **ANALYSIS**

In his § 2255 motion, Mr. Malone raises one claim for ineffective assistance of appellate counsel under the Sixth Amendment. Docket No. 78.[2] Specifically, Mr. Malone argues that his appellate counsel provided ineffective assistance by failing to challenge the Court's factual finding that "the stop was not prolonged." *Id*. at 3.

A. **Timeliness of § 2255 Motion**

Section 2255 generally requires that a defendant file a petition within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). If a prisoner files a direct criminal appeal to the court of appeals, his "criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Mathisen*, 822 F. App'x 752, 753 (10th Cir. 2020) (unpublished) (quoting *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006)). A petition for a

---

[2] In the plea agreement, Mr. Malone waived the right to challenge his conviction or sentence in any collateral attack, such as a motion brought under 28 U.S.C. § 2255, subject to three exceptions, including ineffective assistance of counsel. Docket No. 42 at 2-3. As a result, his § 2255 motion is excepted from the waiver of appellate and collateral attack rights in his plea agreement.

writ of certiorari must be filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13.1; *see also Drennan v. Pryor*, 662 F. App'x 565, 569 (10th Cir. 2016) (unpublished) (noting that the time to file a petition for certiorari is 90 days from the entry of the judgment, not from the issuance date of the mandate).

Because the Tenth Circuit affirmed the Court's judgment on August 30, 2021 and because Mr. Malone did not file a petition for certiorari, Mr. Malone's conviction became final on November 29, 2021. Mr. Malone filed his § 2255 motion on October 3, 2022, *see* Docket Nos. 77, 78, which is within one year of the date that his conviction became final. As a result, his motion is timely. *See* 28 U.S.C. § 2255(f)(1).

### B. Ineffective Assistance of Counsel Claim

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness" and that the petitioner was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id*. Under the prejudice prong, the petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A court is not required to address both prongs of the *Strickland* test if the defendant fails to make a sufficient showing of one. *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

The *Strickland* framework applies equally to ineffective assistance of appellate counsel claims. *Wood v. Carpenter*, 907 F.3d 1279, 1294 (10th Cir. 2018). To demonstrate ineffective assistance of counsel on appeal, a petitioner "must establish both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unreasonable errors, the outcome of his appeal would have been different." *Id*. (quoting *Ellis v. Hargett*, 302 F.3d 1182, 1186-87 (10th Cir. 2002)).

An ineffective assistance of counsel claim can be based on the appellate counsel's "failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotations and citation omitted). Thus, "[w]hen considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (quoting *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999)); *see also Wood*, 907 F.3d at 1304 ("The omitted issue's merits determine both deficient performance and prejudice."). If the omitted issue is "meritless," then counsel's failure to raise it on appeal does "not constitute deficient performance." *Cargle*, 317 F.3d at 1202; *see also Sumpter v. Kansas*, 61 F.4th 729, 746 (10th Cir. 2023) (citation omitted). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance." *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir.

7

2004) (citation omitted).  Under the prejudice prong, the petitioner "must show a reasonable probability that, but for his counsel's unreasonable failure to raise a particular nonfrivolous issue, he would have prevailed on his appeal." *Milton v. Miller*, 744 F.3d 660, 669 (10th Cir. 2014) (citation and internal quotations omitted).

Mr. Malone argues that his appellate counsel's performance was deficient because counsel failed to challenge the Court's factual finding that the officers did not prolong the stop.  Docket No. 78 at 3.  Mr. Malone contends that "the Tenth Circuit Court of Appeals clearly stated that this was the critical question in the case and Malone's appellate counsel did not raise this issue at all." *Id*.  Mr. Malone argues that the "law is clear that a detour only violates the Constitution if it prolongs the stop." *Id*. (citing *Rodriguez*, 575 U.S. at 355).  Under the prejudice prong, Mr. Malone asserts that there "is more than a reasonable probability that Mr. Malone would have succeeded if he had challenged this Court's factual findings on appeal." *Id*. at 4.  Mr. Malone argues that there is "no evidence" in the record that "the officers were waiting for Ms. Tucker to find her registration at the time they ordered Mr. Malone out of the car." *Id*. at 5. Furthermore, Mr. Malone contends that,

> at the time the exit-order was issued, both officers were on Mr. Malone's side of the car.  Both officers were involved with Malone.  Neither officer was asking Ms. Tucker whether she found the requested documents.  In fact, neither officer could remember whether Ms. Tucker ultimately found the documents, she didn't receive a traffic ticket.  There is no evidentiary basis to find that the officers were interested in anything related to Ms. Tucker at the moment they asked Malone out of the car.

*Id*. at 6.

The Court will first address the prejudice prong. *See Cooks*, 165 F.3d at 1292-93 (noting that a court is not required to address both prongs of the *Strickland* test).  Under

8

the prejudice prong Mr. Malone "must show a reasonable probability" that, if his appellate counsel had challenged the Court's factual finding, Mr. Malone "would have prevailed on his appeal." *See Milton*, 744 F.3d at 669.  When reviewing the denial of a motion to suppress, the Tenth Circuit views "the evidence in the light most favorable to the government" and accepts "the district court's findings of fact unless they are clearly erroneous." *Mayville*, 955 F.3d at 829.  A finding of fact is clearly erroneous only if it "is without factual support in the record, or unless the court after reviewing all the evidence, is left with a definite and firm conviction that the district court erred." *United States v. Chavez*, 734 F.3d 1247, 1250 (10th Cir. 2013) (quoting *United States v. Jarvison*, 409 F.3d 1221, 1224 (10th Cir. 2005)).

      The Court finds that Mr. Malone has failed to establish that the Court's factual finding was clearly erroneous.  In concluding that the exit order did not prolong the stop, the Court found that "Ms. Tucker hadn't yet provided her proof of insurance and hadn't provided the vehicle registration. . . . [b]ecause the officers had every right to at least ask her if she had found those documents and determine whether or not she actually had them, the traffic stop was not over." Docket No. 70 at 25:6-18.  This finding of fact is supported by testimony in the record.  At the suppression hearing, Detective Brewer testified that he asked Ms. Tucker for her license, registration, and insurance after approaching the vehicle, and Ms. Tucker provided her driver's license "quickly," but struggled to find her "registration and insurance." Docket No. 69 at 12:13-16.  Detective Brewer testified that he told Ms. Tucker to "[k]eep looking for it," and that he "would come back to her to get her registration and her insurance, but [he] was going to conduct a records check on her driver's license." *Id*. at 12:18-20, 28:21-25.  At the time

9

that Detective Brewer was conducting the records check, Ms. Tucker was "still looking for her insurance and registration." *Id*. at 30:2-5.  Detective Brewer testified that, at the time he put handcuffs on Mr. Malone, he had not returned Ms. Tucker's driver's license and he had not issued a ticket or warning.  *Id*. at 18:10-15.  When asked whether he received a copy of the registration or proof of insurance at the time he put handcuffs on Mr. Malone, Detective Brewer testified, "I don't believe so, no."  *Id*. at 18:16-18.  When asked whether Ms. Tucker ultimately found her insurance, Detective Brewer testified, "I don't recall her finding insurance."  *Id*. at 29:11-14.  The Court therefore rejects Mr. Malone's argument that there was "no evidence" in the record that "the officers were waiting for Ms. Tucker to find her registration at the time they ordered Mr. Malone out of the car."  *See* Docket No. 78 at 5.[3]

Moreover, Mr. Malone's argument that he likely would have succeeded on appeal because "both officers were on Mr. Malone's side of the car" at the time the officers issued the exit order, *see id*. at 6, is unpersuasive.  The Tenth Circuit already dismissed a similar argument in its order:

> Mr. Malone also points out that both officers were focusing on him, with neither officer attending to Ms. Tucker.  But if she were still looking for the registration and proof of insurance, the officers could have investigated Mr. Malone while they were waiting.  *See United States v. Yusuf*, 993 F.3d 167, 183 (3d Cir. 2021) (holding that the traffic stop was not prolonged because "the search for the insurance card and registration was a plainly valid reason to continue the stop").  So the officers' focus on Mr. Malone didn't necessarily add time to the traffic stop.

*Malone*, 10 F.4th at 1125.

---

[3] In fact, the Tenth Circuit noted that the Court's factual finding that "the officers' actions had not prolonged the stop" was "arguably supported by Ms. Tucker's inability to find her proof of insurance or the vehicle registration."  *Malone*, 10 F.4th at 1124.

Mr. Malone has failed to establish that the Court's factual finding is "without factual support in the record" or that the Tenth Circuit would be left with the "definite and firm conviction that the district court erred." See *Chavez*, 734 F.3d at 1250. Because Mr. Malone has not identified any evidence suggesting that the Court's factual finding was clearly erroneous, Mr. Malone has not established a "reasonable probability" that he "would have prevailed on his appeal." See *Milton*, 744 F.3d at 669. As a result, Mr. Malone has failed to meet his burden on the second prong of the *Strickland* test. The Court therefore denies Mr. Malone's § 2255 motion.

### C. Evidentiary Hearing and Certificate of Appealability

A court shall hold a hearing on the § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). The Court has found that Mr. Malone has not met the second prong of the *Strickland* test and he has offered no explanation of what testimony he would present at a hearing. Therefore, the Court finds that a hearing is not required.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its

11

resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that Mr. Malone has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will deny a certificate of appealability.

### III.     CONCLUSION

For the reasons discussed above, it is

**ORDERED** that Colt Francis Malone's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket Nos. 77 and 78] is **DENIED**.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED October 16, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge